United States Courts
Southern District of Texas
F I L E D

FEB 2 2 2022

Nathan Ochsner, Clerk of Court

CAUSE NO. _____

| | | |
|---|---|---|
| AMANDA HUFF, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | _____ JUDICIAL DISTRICT |
| | § | |
| PAMPERED PET INN, | § | |
| *pets Inn* | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

*Southern District courts*

## PLAINTIFF AMANDA HUFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff Amanda Huff files this Plaintiff's Original Petition, Request for Disclosures, and Jury Demand because Pampered Pet Inn regarded Ms. Huff as being disabled and discriminated against her on this basis

Ms. Huff, when agitated or anxious, suffers from a speech impediment which causes a stutter, greatly affecting her ability to communicate. Ms. Huff also suffers from a learning disability and has been diagnosed with anxiety and depressions. Nevertheless, this has never prevented Ms. Huff from working for Pampered Pet Inn for over seven years, from maintaining an exceptional record, and even being promoted several times.

Ellen O'Connor and Erin Fitzpatrick, the decisionmakers at Pampered Pet Inn, regarded Ms. Huff as being mentally handicapped, and, beginning as early as 2017, would mock, belittle, and demean Ms. Huff on this basis. When Ms. Huff finally mustered up the courage to complain against Ms. O'Connor and Ms. Fitzpatrick, Ms. Huff was terminated ~~that very day~~ *shortly after.* *fired*

*San: 12, 14, 16, 18*

### I.
### DISCOVERY CONTROL PLAN

*14th reported to police*

*10 theft*

1.    Plaintiff intends that this suit be governed by discovery control level two.

---

PLAINTIFF AMANDA HUFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND – PAGE 1

## II.
## PARTIES

2.      Amanda Huff is an individual who resides in Harris County, Texas.

3.      Pampered Pet Inn ("Defendant") is a Texas corporation doing business in Harris County, Texas.  Defendant can be served with process by serving its registered agent.

## III.
## JURISDICTION AND VENUE

4.      Jurisdiction is appropriate because the acts giving rise to this petition occurred in the State of Texas.

5.      Venue is appropriate because the acts giving rise to this suit occurred in Harris County, Texas.

## IV.
## FACTS

1.      Ms. Huff began working for Pampered Pet Inn in October 2013 as an employee and would eventually be promoted to the position of Manager in 2017.

2.      Ms. Huff suffers from a speech impediment.

3.      Specifically, Ms. Huff suffers from stutter that surfaces when she is anxious or stressed, affecting her ability to communicate.

4.      Additionally, Ms. Huff suffers from a learning disability and has been diagnosed with anxiety and depression. *severe anxiety & major depression*

5.      Nevertheless, Ms. Huff was able to work effectively for Defendant for over seven years given that she had been promoted, received several positive reviews from Defendant's clientele, and had maintained an exceptional record.

6.     Beginning in 2017, Ellen O'Connor, the owner of Pampered Pet Inn, and Erin Fitzpatrick, the Manager, began evidencing biases and prejudices against Ms. Huff on the basis that they regarded her as being disabled.

7.     Beginning in 2017, Ms. Fitzpatrick began disparaging and insulting Ms. Huff's intelligence when Ms. Huff was unavailable to attend work in the midst of Hurricane Harvey.

8.     Ms. Fitzpatrick was overheard insulting Ms. Huff's intelligence and demeaning her.

9.     After Ms. Fitzpatrick's tirade, Ms. Huff, being committed to her work, acquiesced and walked through the dangerous weather to get to work. *when Erin was asking Nikki about a customers acc. a certain customer's acc. + Nikki*

10.     Again, in 2018, ~~during a call with Nikki Kerr,~~ an employee at Pampered Pet Inn, *didn't know so, she picked up the phone to call me. I don't answer so the voice mas* Ms. Huff overheard Ms. Fitzpatrick making derogatory comments regarding Ms. Huff's mental state and making assertions that Ms. Huff, "didn't know what the fuck she was doing. She doesn't know anything."

11.     In April of 2020, Ms. Huff requested time off from Ms. O'Connor and Ms. Fitzpatrick, claiming it was for her mental health.

12.     During this time, Ms. Huff was experiencing a painful episode of depression and *which she had never done she always struggled through the episode the* wanted the time off to get help. *plus continued to work. the animals were a*

13.     In response, Ms. O'Connor laughed and walked off. *passion of Amanda's &*

14.     Afterwards, Ms. Fitzpatrick would refer to Ms. Huff as a "delicate girl," as a means to mock Ms. Huff's mental disposition. *therefore to get her though the tough times.*

15.     Additionally, near the time of her termination, Andy Fitzpatrick, Ms. Fitzpatrick's husband, would be known to openly imitate Ms. Huff's stutter in a mocking manner at the workplace. *outside the workplace. They would write messages on the wall that read "will this hold (LOL)" after making a comment about a new monster they were going to hang.*

*She wall didn't look sturdy so I asked if it will hold. They all laughed & next day it was in black sharpie "will this hold."*

16.     Additionally, Ms. Huff also noticed that Ms. Fitzpatrick would manipulate and use Ms. Huff's email behind her back.

17.     Lastly, Ms. Fitzpatrick would also keep Ms. Huff uninformed on business matters despite Ms. Huff's position as a Manager.

18.     Ms. O'Connor and Ms. Fitzpatrick did not treat Ms. Huff's similarly situated co-workers in such a manner.

19.     Ms. Huff repeatedly raised these issues with Ms. O'Connor and mentioned the way she was treated, but nothing was ever done to remedy Ms. Huff's concerns.

20.     On January 18, 2021, after experiencing years of mistreatment by Defendant, Ms. Huff complained to Ms. O'Connor and claimed that she did not feel safe due to her mistreatment.

21.     Rather than address Ms. Huff's concerns, Defendant chose to terminate Ms. Huff that very moment.

22.     Defendant's stated reason for terminating Ms. Huff was "performance issues."

23.     Ms. Huff had, allegedly, been consistently tardy to the workplace and had "behavioral issues."

24.     However, Defendant's stated reason is clearly pretext provided that Ms. Huff had not received a single write-up for being tardy since 2018 and had not received any disciplinary measures for "behavioral issues."

25.     Given the extremely close proximity between the time Ms. Huff filed her complaint and the time she was terminated, it is clear that Defendant retaliated against Ms. Huff for her complaints.

26.     The real reason Defendant discharged Ms. Huff was because they regarded her as disabled.

27.     Defendant's actions violate the Americans with Disabilities Act and the Texas Labor Code.

## V.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28.     Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC Complaint No. 460-2022-00645) on or about November 8, 2021. Plaintiff received Notice of Complainant's Right to File Civil Action on November 23, 2021, and brings this action within 90 days from the receipt of Notice.

29.     All conditions precedent to the bringing of this suit have been satisfied or have been fulfilled.

## VI.
## DISABILITY DISCRIMINATION BY PAMPERED PET INN IN VIOLATION OF THE TEXAS LABOR CODE AND THE ADA

30.     Defendant's actions, including but not limited to, termination of Plaintiff, which led to lost wages, was undertaken because Defendant regarded her as being disabled.

31.     Defendant violated the Americans with Disabilities Act and the Texas Labor Code when it terminated Ms. Huff because it regarded her as being disabled.

32.     Ms. Huff has a disability.

33.     Ms. Huff was nonetheless qualified to do her job.

34.     Ms. Huff was replaced by or treated less favorably than workers who were not regarded as disabled.

35.     Due to Defendant's actions, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

PTSD, depression, self worth,
depression + ext any pay

She has fallen into a deep
depression

36.    Defendant's actions were intentional, malicious, and committed with reckless indifference to Plaintiffs' state protected rights.

## VII.
## RETALIATION BY PAMPERED PET INN IN VIOLATION OF THE ADA AND THE TEXAS LABOR CODE

37.    Ms. Huff engaged in protected activity by filing a complaint.

38.    Defendant retaliated against Ms. Huff by terminating her because she engaged in the protected activity.

39.    Due to Defendant's actions, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life

40.    Defendant's actions were intentional, malicious, and committed with reckless indifference to Plaintiffs' state protected rights.

## VIII.
## JURY DEMAND

1.    Plaintiff exercises her right to a trial by jury.

## IX.
## REQUEST FOR DISCLOSURE

1.    Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2.

## X.
## DAMAGES

2.    WHEREFORE, Plaintiff respectfully requests that the above-named Defendant, be cited to appear in this matter and that, after jury trial by proof, he be awarded:

i.    Back pay, including but not limited to, lost wages, and other employment

benefits;

ii.     Front pay, including but not limited to wages, and other employment

benefits;

iii.    Judgment against Defendant for compensatory damages including

emotional pain, suffering, inconvenience, mental anguish, and loss of *Self worth*

enjoyment of life;

iv.     Actual damages;

v.      Punitive damages;

vi.     Injunctive relief;

vii.    Judgment against Defendant for Plaintiff's reasonable attorneys'

and experts' fees; and costs of suit;

viii.   Prejudgment and post-judgment interest as allowed by law; and

ix.     Such other and further legal and/or equitable relief to which Plaintiff may

be justly entitled, as this court may deem proper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that a citation be

issued, and that upon a trial on the merits Plaintiff be awarded the relief requested in this Petition

and such other and further relief to which he may be justly entitled.


Respectfully submitted,


*/s/ Marcos De Hoyos*
Marcos D. De Hoyos
Texas Bar No. 24121558
Robert J. Wiley*
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*

Amanda Huff
16330 Dew Drop Lane
Houston, TX
77095

*by the Texas Board of Legal Specialization*

ROB WILEY, P.C.
1651 Richmond Avenue
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334
mdehoyos@robwiley.com

ATTORNEYS FOR PLAINTIFF

Southern dist draft suit ordered.

retaliation due to reporting [Identity theft] it to the police.

Jan. 12th 2021

left work due to fever & covid syptoms.

Jan. 14th 2021

reported to the police that they used my identity to open up a merchant crowd funding business in 2015. @ Chase bank.

Jan. 16, 2021

text from Ellen O'conner to come talk on mon. Jan. 18, 2021

Jan. 18, 2021

@ 10:30 AM She Fired me in front of her house through [my] car window.

they have used my disibility to their advantage all these years. stolen from me & were in my bank accounts. This is not right & I would like Justice to be served. Ty Amanda Huss