**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMANDA HUFF, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00575 |
| | § | |
| PAMPERED PET INN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This is one of those few cases in which death-penalty sanctions are completely justified. In a May 15, 2023 order, I provided an abbreviated history of Plaintiff Amanda Huff's complete and utter disregard for the discovery process:

> On February 10, 2023, Pampered Pet Inn served discovery requests to Ms. Huff. When Ms. Huff did not timely respond to those discovery requests, Pampered Pet Inn's lawyers and paralegals made numerous efforts—by phone, email, and letter—to get Ms. Huff to respond to the outstanding discovery requests. Only after all those efforts were unsuccessful did Pampered Pet Inn submit a discovery dispute letter. I held a hearing on April 24, 2023 to address the delinquent discovery responses. At that hearing, I ordered Ms. Huff to produce responsive documents and interrogatory answers by April 28, 2023. April 28, 2023 came and went and Ms. Huff did not comply with my order. She has produced no documents or interrogatory answers since.

Dkt. 38 at 1. I concluded that May 15 order by stating: "I am going to give Ms. Huff one more chance. She must provide full and complete discovery responses to all outstanding discovery requests (and produce responsive documents) by Wednesday, May 24, 2023. Failure to comply with this Order may result in the dismissal of Ms. Huff's lawsuit." *Id.* at 2. Despite this clear and unmistakable warning, Ms. Huff failed to provide full and complete discovery responses by May 24, 2023. *See* Dkt. 40. On July 5, 2023, I gave Ms. Huff one "[l]ast chance." Dkt. 41. I ordered Ms. Huff to "file by Tuesday, July 11 complete responses to the

outstanding discovery requests and provide defense counsel with copies of all responsive documents." Dkt. 41. I explicitly warned Ms. Huff: "Failure to follow this order will result in the dismissal of [her] lawsuit." *Id.* Yet, here we are on July 13, 2023, and Ms. Huff still has not complied with this Court's orders and her discovery obligations.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to impose sanctions when a party fails to comply with a discovery order. Rule 37 specifically includes "dismissing the action or proceeding in whole or in part" as a potential sanction. FED. R. CIV. P. 37(b)(2)(A)(v). As one district court noted:

> Dismissal is authorized in whole or in part when the failure to comply with the court's order results from wilfulness [sic] or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply. *PHI, Inc. v. Off. & Pro. Emps. Int'l Union*, 2009 WL 1658040, at *3 (W.D. La. 2009) (citing *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Id.* (citing *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir. 1977)). Dismissal is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Id.* (citing *Batson*, 765 F.2d at 514). Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id.* Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id.*

*Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017).

The Fifth Circuit has made clear that a "dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotation omitted). As a result, several factors must be present before a district court may dismiss a case as a sanction for violating a discovery order: (1) the discovery violation must have been committed willfully or in bad faith; (2) the client, rather than counsel, must be responsible for the violation; (3) the violation "must

substantially prejudice the opposing party"; and (4) a lesser sanction would not substantially achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (quotation omitted). All four factors are present here.

The first factor—that the discovery violation was committed willfully or in bad faith—is easily met. As recounted above, I held a hearing in February 2023 at which time I ordered Ms. Huff to respond to outstanding written discovery. She ignored that order. I then issued a written order on May 15, 2023, ordering her again to respond to outstanding discovery. She ignored that order as well. Her refusal to abide by this Court's orders is not an innocent mistake, but rather represents an utter disregard for our judicial system.

The second factor asks whether the client, rather than counsel, is responsible for the violation. Because Ms. Huff is representing herself pro se, she has no counsel to blame for her actions. Any blame rests on her shoulders, and her shoulders alone.

As far as the third factor—whether the violation substantially prejudiced the opposing party—is concerned, Ms. Huff's refusal to participate in the discovery process unquestionably prejudices Pampered Pet Inn, as it prevents the defendant from investigating Ms. Huff's claims and preparing for trial.

Finally, the fourth factor asks whether a lesser sanction would substantially achieve the desired deterrent effect. I fully understand that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *EEOC v. Gen. Dynamics Corp.*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quotation omitted). But I am at a complete loss to come up with any lesser sanction that could conceivably result in compliance with Ms. Huff's discovery obligations. I specifically warned her in my May 15, 2023 order that her failure to completely respond to outstanding discovery could very well result in dismissal. Then, on July 5, 2023, I told her in no uncertain terms that failure to comply would unquestionably result in dismissal. Nonetheless, she continues to refuse to engage in the discovery process.

Given Ms. Huff's complete unwillingness to participate in the discovery process and her repeated refusal to comply with this Court's orders, dismissal of this lawsuit pursuant to Rule 37(b)(2)(A)(v) is appropriate. Accordingly, IT IS ORDERED that this case is hereby DISMISSED WITH PREJUDICE.

SIGNED this 13th day of July 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE